IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-423-FL-9

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| YEMISI MARY OPASO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court on December 16, 2021, for administrative telephonic conference on trial scheduling. Defendant appeared through counsel, Raymond C. Tarlton, and the government appeared through counsel, Gabriel J. Diaz.

At conference, the court advised the parties that the clerk of court has calculated that the time under the Speedy Trial Act of 1974, as amended, 18 U.S.C. § 3161(c)(1), expires on February 6, 2022. The court may exclude from speedy trial computation "[a]ny period of delay resulting from a continuance granted by any judge on [her] own motion or at the request of the defendant or [her] counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In granting a continuance under the "ends of justice" provision, the court must make findings based on a nonexhaustive list of factors, such as the complexity of the case and the time reasonably required by the parties to prepare. See 18 U.S.C. § 3161(h)(7)(B).

The court inquired how much time defense counsel and counsel for the government reasonably required to effectively prepare for trial, considering the due diligence of the parties and

any complexities in the case. The court specifically inquired whether the parties would be able to go forward with trial on or before the February 6, 2022, deadline. The court also solicited the parties' views on whether some miscarriage of justice would result if trial commenced after that date.

Counsel for defendant explained that given competing trial obligations in other cases already scheduled, including a state murder trial, as well as the needs of this case, additional time from and after February 6, 2022, reasonably is required to effectively prepare for trial. Counsel confirmed such additional time would not result in a miscarriage of justice to defendant. Counsel for the government did not object, and indeed clarified the government also requires in this case additional time to effectively prepare, and no prejudice will result.

Taking the parties' responses into account, jury trial of estimated length of four days is set to commence at New Bern June 27, 2022, at 1:00p.m., starting with a conference with the parties, followed by jury selection at 1:30p.m. Not later than June 15, 2022, the parties shall file their proposed jury instructions and voir dire. By that deadline the government also shall file its proposed verdict form. For reasons noted, the court finds that the ends of justice served by this continuance outweigh the best interests of the public and the defendant in a speedy trial.

SO ORDERED, this the 17th day of December, 2021.

LOUISE W. FLANAGAN
United States District Judge